■ JOHN J. O'RILEY, SR., Respondent, v BARBARA A. O'RILEY, Appellant. [620 NYS2d 142] —Mercure, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 7, 1993 in Ulster County, which denied defendant's motion to vacate a default judgment of divorce.

Plaintiff commenced this action for a divorce by service of a summons with notice stating that the ancillary relief demanded by plaintiff was, inter alia, equitable distribution of marital assets. Upon defendant's default in appearing, and after due notice to defendant, an inquest was conducted on the issue of equitable distribution of marital property. Supreme Court thereafter granted judgment in favor of plaintiff directing that the marital residence be sold, that plaintiff receive

from the proceeds approximately $17,000, constituting the amount expended by plaintiff for mortgage payments and repairs after defendant abandoned the premises, the value of plaintiff's separate property that was applied toward the purchase of the property, and compensation for defendant's wasteful dissipation of marital assets, and that the balance be distributed 70% to plaintiff and 30% to defendant. More than two years following service upon defendant of a copy of the judgment of divorce with notice of entry, she moved to vacate the judgment upon the ground that, by failing to state that he was seeking more than half of the marital property, plaintiff deliberately misled her concerning the relief sought. Supreme Court denied the motion and defendant now appeals.

We affirm. We agree with Supreme Court that, to the extent that defendant moves for relief under CPLR 5015 (a) (1) based upon an excusable default, the motion is untimely and, further, that defendant's allegations do not make out a colorable claim of fraud, misrepresentation or other misconduct within the purview of CPLR 5015 (a) (3) *(cf., Tamimi v Tamimi,* 38 AD2d 197). To the contrary, the notice served by plaintiff fully conformed with the requirement of Domestic Relations Law § 232 that a summons not served with a complaint specify the nature of any ancillary relief demanded *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C232:2, at 48-49). We have considered defendant's remaining contentions and find them lacking in merit.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.